UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMOTHY C. BORUP, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CJS SOLUTIONS GROUP, LLC, d/b/a THE HCI GROUP,<br><br>Defendant. | Court File No. 0:18-CV-01647-PAM-DTS<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL DEPOSITION AND SUPPLEMENTAL INITIAL DISCLOSURES FROM PLAINTIFF TIMOTHY BORUP** |

## INTRODUCTION

The CJS Solutions Group, LLC d/b/a The HCI Group ("HCI") brings this Motion because Plaintiff Borup has refused to appear at his properly-noticed deposition and failed to provide a damages computation as required by the Federal Rules of Civil Procedure. HCI's requests are reasonable, straightforward, and have involved repeated attempts at compromise. HCI seeks to depose Borup in Minnesota, the state in which he chose to file his action. Yet Borup has refused to appear for a forum-state deposition on a date that he identified, insisting that he be deposed out of state at HCI's expense. Regrettably, then, HCI moves to dismiss Borup's claims or, alternatively, to compel his deposition in Minnesota. Additionally, HCI asks that the Court order Borup to comply with his obligation to disclose a damages computation.

## BACKGROUND

Borup filed a Collective and Class Action Complaint and Jury Demand on June 13, 2018, alleging that HCI improperly classified him as an independent contractor in

violation of the Fair Labor Standards Act and Minnesota state law. HCI is a technology company that provides information technology service solutions to the healthcare industry. Borup's work for HCI stemmed from services that HCI provided to the Mayo Clinic in Rochester, Minnesota. Borup worked as an "ATE MD" at the Mayo Clinic go-live project, where he assisted physicians and other clinic staff with the use of new record-keeping technology. Since Borup's Complaint was filed, nine putative "opt-in" plaintiffs have submitted consents to join the litigation; all of those putative opt-in plaintiffs also worked as ATE MDs at the Mayo Clinic go-live project (Declaration of Jacqueline Kalk, hereinafter "Kalk Dec." ¶ 3).[1]

On December 14, 2018, Borup served HCI with his first initial disclosures. (*Id.* Ex. A.) Instead of providing a damages computation as required by Federal Rule of Civil Procedure 26,[2] Borup simply listed the categories of damages he seeks and claimed that he lacked sufficient information to calculate damages "on behalf of the class." (*Id.*) He also offered a formula by which he "generally" calculates damages. (*Id.*) Borup disclosed no actual computation of damages he believes he is owed in total or broken down by category.

---

[1] Currently pending before the Court is Borup's Motion to Compel (Dkt. 21), which addresses the scope of putative collective discovery. Specifically, Borup seeks extensive discovery related to individuals who worked for HCI and were given the opportunity to resolve any wage-and-hour claims in a prior lawsuit, Sanders, in the United States District Court for the Southern District of New York. (Kalk Dec. ¶ 2). None of the putative opt-in plaintiffs who have submitted consents to join this litigation fall in that category; all are "ATE MDs" from the Mayo Clinic project in Minnesota, which occurred after the time period covered by the Sanders litigation. (*Id.*).

[2] Rule 26 requires Borup to disclose, without awaiting a discovery request, "a computation of each category of damages claimed." Fed. R. Civ. P. 26(a)(1)(a)(iii).

Through a volume of exchanges between counsel via telephone and email, Borup's counsel has indicated that Borup (1) refused to appear for a properly-noticed deposition on February 7 in Minnesota, the state where he chose to file this action; (2) refused to reimburse HCI for the cost of deposing him in Michigan, despite that he insists that is where he must be deposed; and (3) refused to agree to schedule depositions of HCI's witnesses until after his own deposition is completed – which it appears will not be until after the close of discovery – effectively using his own refusal to appear to significantly harm HCI's ability to conduct discovery in this matter.

Borup's counsel first explained that Borup's busy work schedule as a medical resident prevented him from traveling to Minnesota, but identified February 7 at 12:00 p.m. in Michigan as available date. But, when HCI offered to travel to Michigan to depose Borup where he lives – so long as Borup would reimburse the costs – Borup refused. HCI next offered to depose Borup on a Saturday – Borup again declined to appear in Minnesota. Instead, Borup's counsel has continued to insist that Borup should be deposed in Michigan via videoconference. While video may be appropriate for some depositions, HCI does not believe that is appropriate for the sole Named Plaintiff in a putative class and collective action.[3] When pressed, Borup's counsel suggested he could be available for deposition during his vacation, scheduled to begin March 30, one day before the close of discovery. (Kalk Dec. Ex. E.) HCI's counsel agreed to reschedule

---

[3] Borup's counsel also stated that Borup could be deposed in Minnesota if all of HCI's witnesses would also appear in Minnesota (Kalk Dec. Ex. E.) But this proposition has no basis in the Rules, particularly for a Florida-based defendant, and suggests that the other reasons Borup has provided for not appearing in Minnesota (his work schedule and HCI's document production) were not, in fact, barriers to his ability to appear for deposition in Minnesota.

3

Borup's deposition for early April on the condition that no other depositions occur in the interim and that discovery be extended. Bourp's counsel replied with a glib, "no thanks" and claimed he would seek a protective order. (*Id.*)

When HCI's counsel inquired regarding dates for a protective order motion, Borup's counsel offered none, and for the first time insisted that Borup would not appear for his deposition because HCI had not produced enough documents, a position entirely unsupported by the federal rules. (*Id.*) Borup failed to appear for the February 7 deposition, and he never sought a protective order. (Kalk Dec. ¶ 4.) HCI has now re-noticed Borup's deposition for March 8, 2019, in Minneapolis, Minnesota. (*Id.* Ex. C.)[4]

During the same discussions regarding Borup's deposition, HCI raised the issue of Borup's deficient initial disclosures and asked Borup to provide an actual computation of his alleged damages. (Kalk Dec. Ex. E.) Counsel for Borup refused, falsely claiming that "HCI has not produced its records allowing these calculations" even though Borup alone knows the amount that he claims he is owed. (*Id.*) HCI even went so far as to provide counsel for Borup with the applicable case law outlining his obligation to provide an actual damages computation, but Borup still refused to disclose his alleged damages. (Kalk Dec. Ex. E.) And, HCI has produced all records in its possession and control that are related in any manner to time worked or payroll as to Mr. Borup (Kalk Dec. ¶ 5).

On February 11, shortly after HCI filed notice of this motion, HCI received a "supplemental" disclosure from Borup. (Kalk Dec. Ex. D.) Borup's "supplement" is, if

---

[4] Counsel for HCI asked about availability following the hearing on this motion, but counsel for Borup refused to provide dates. (Kalk Dec. ¶ 6.)

4

anything, more objectionable than his initial disclosure—it is over a page of formulas describing how Borup "generally" calculates damages. (*Id.*) There are no actual numbers describing the amounts Borup believes he is owed, no hours identified for which he is claiming not to have been fully paid, and as such, this "supplemental" disclosure is equally as deficient as Borup's first disclosure.

## ARGUMENT

A. **PLAINTIFF BORUP'S CLAIMS SHOULD BE DISMISSED OR, IN THE ALTERNATIVE, BORUP SHOULD BE COMPELLED TO APPEAR FOR DEPOSITION IN MINNESOTA.**

Borup's refusal to appear for his deposition is directly contrary to established case law. A plaintiff is, absent extenuating circumstances, required to make himself or herself available for examination in the district in which suit was brought. Newman v. Metro. Pier & Exposition Auth., 962 F.2d 589, 591–92 (7th Cir. 1992); American General Life Ins. Co. v. Harshman, 299 F.R.D. 157 (E.D. Ky. 2014); Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 422 (E.D. Wash. 1976). Indeed, in the District of Minnesota, "a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue." Archer Daniels Midland Co. v. Aon Risk Servs., Inc., 187 F.R.D. 578, 588 (D. Minn. 1999).

Here, Borup's scheduling difficulties and the demands of his employment apply to virtually all plaintiffs and are insufficient to trump his obligation as a named plaintiff in this matter to be deposed live in the forum in which he commenced this action. Borup's

5

evolving reasons for refusing to be deposed—first his work commitments, then vacation schedule, then a lack of document production by HCI—are unpersuasive. To the contrary, Borup's unreasonable failure to appear at his properly noticed deposition warrants dismissal of this action. Fed. R. Civ. P. 37(d); see also Smith v. Cent. Security Bureau, Inc., 231 F. Supp. 2d 455 (W.D. Va. 2002) (default judgment entered against five opt-in plaintiffs who failed to submit responses to court interrogatories and failed to attend depositions); Watkins v. City of South Bend, 128 F.R.D. 102, 105 (N.D. Ind. June 26, 1989) (dismissing FLSA plaintiffs for failing to respond to interrogatories with prejudice). Alternatively, the Court should compel Borup to appear for his deposition as noticed in Minnesota on March 8, 2019. (See Kalk Dec. Ex. C.)

As HCI has now noticed Borup's deposition, no other depositions of HCI witnesses should occur until Borup's is completed.[5] Story v. Quarterback Sports Fed'n, Inc., 46 F.R.D. 432, 433 (D. Minn. 1969) ("[T]he general rule [is] that the party first to give notice has discovery priority" except in special circumstances.); see also Conference Report, Federal Jurists Offer Insight into Litigation of Discrimination Cases During ABA Session (Daily Labor Report, p. C-2, BNA April 8, 2005) ("[C]ourts generally honor the employer's request to depose the plaintiff first even where the plaintiff has noticed depositions prior to the employer. That order 'gives everyone a game plan,' fosters settlement, and 'allows the case to proceed more efficiently.'") (citation omitted). Borup will suffer no prejudice as a result of such an arrangement because he has already had the

---

[5] Prior to HCI seeking dates and issuing a notice for Borup's deposition, the parties had agreed upon a deposition date for Nick Carew. Mr. Carew was deposed in January.

opportunity to depose one HCI witness, and HCI has offered to move the applicable deadlines if that is required for Borup to appear so that Borup will not ultimately be limited in his ability to conduct discovery.

**B.     BORUP'S DEFICIENT DAMAGES COMPUTATION FAILS TO MEET HIS OBLIGATIONS UNDER RULE 26.**

Plaintiff Borup's initial disclosures are woefully deficient in that he has entirely failed to provide a calculation of his purported damages, or even identify the hours for which he claims not to have been paid. Indeed, Borup is claiming there is unpaid travel time and HCI has literally no idea what hours are being claimed in this regard. (Kalk Dec. Ex. A.) Federal Rule of Civil Procedure 11 requires that Borup (and his counsel) know that a claim for damages is warranted prior to filing the action, and Rule 26(a) requires disclosure of a "computation" of each category of damages to which Plaintiff believes he is entitled. By improperly listing broad categories of damages and providing no computation or even a single dollar amount, Plaintiff's initial disclosures fall well short of these most basic rules. Carmody v. Kan. City Bd. of Police Comm'rs, 713 F.3d 401, 404-405 (8th Cir. 2013) (observing the damages computation requirement and noting that the "district court has discretion under Rule 37(c)(1) to apply sanctions against a party who has failed to satisfy initial or supplemental disclosure requirements; for example, excluding the evidence or testimony entirely"); see also Boldstar Technical, LLC v. Home Depot USA, Inc., 2008 WL 11320010 at *2 (S.D. Fla. Feb. 28, 2008).

Here, Borup – a medical resident - is more than capable of preparing a summary of the hours he claims to have worked and or engaged in compensable travel activities

without proper pay. There is simply no reason Borup cannot meet this disclosure obligation. Viveros v. Nationwide Janitorial Ass'n, 200 F.R.D. 681, 683 (N.D. Ga. 2000) (in putative class action alleging failure to pay minimum wage and overtime, "Plaintiffs must provide a statement of damages including dollar amounts claimed to the extent ascertainable at this stage of the litigation. The Court finds that Plaintiffs should be able to make a good faith estimate of damages and methods of calculations based on the information they have available. Should Plaintiffs wish to amend their mandatory disclosures as discovery progresses they may do so."); City and County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 220 (N.D. Cal. 2003) ("the 'computation' of damages required by [Rule 26] contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate."); Clayman v. Starwood Hotels & Resorts Worldwide, 343 F. Supp.2d 1037, 1047 (D. Kan. 2004) (ordering plaintiff to "provide defendant with a computation of each of its categories of damages, as required by [Rule 26].").

There is nothing preventing Mr. Borup from reasonably calculating his damages as required by the Rules, and there is no "condition precedent" in Rule 26 stating that HCI must produce certain information or documents before Borup is obligated to disclose his alleged damages. Indeed, Borup's objection concerning HCI's document production has no basis in the Rules.In any event, HCI has produced ample information permitting Borup to calculate his damages with reasonable specificity. If Mr. Borup believes additional information not yet in his possession may alter his analysis, the proper course of action is to provide the calculations at this time and to amend his disclosure as needed,

not to simply ignore his obligation under the Rules. As such, the Court should either dismiss Borup's claim for this failure coupled with his failure to appear for deposition or, alternatively, compel Borup to provide a meaningful damages disclosure stating specific amounts he believes he is owed.

### C. BORUP SHOULD PAY HCI'S FEES AND COSTS INCURRED IN BRINGING THIS MOTION.

HCI also requests that the Court order Borup to pay its attorneys' fees and costs in bringing this Motion. Federal Rule of Civil Procedure 37 provides that if a motion to compel is granted, the court should, after giving an opportunity to be heard, require that the party whose conduct necessitated the motion, or the attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5).

Here, Borup wholly failed to satisfy his discovery obligations by refusing to appear at his properly noticed deposition, refusing to disclose his damages, and refusing HCI's effort to reach a reasonable compromise on these issues. His refusals are unreasonable, unjustifiable, and directly resulted in this Motion. As such, he should bear the costs of preparing and filing this Motion, including reasonable attorneys' fees.

### CONCLUSION

Borup's claims against HCI should be dismissed because he has unjustifiably failed to appear for his properly-noticed deposition or to provide complete responses to the initial disclosures. Alternatively, the Court should order Borup to (1) appear in Minnesota for his deposition now noticed for March 8, 2019, (2) comply with his

9

obligations under Rule 26 and disclose actual amounts he alleges he is owed, and (3) to reimburse HCI for the attorneys' fees and costs incurred in proceeding with this Motion.

Date: February 12, 2019

*/s/ Jacqueline E. Kalk*
Jacqueline E. Kalk (#0388459)
Claire B. Deason (#0390570)
Corey J. Christensen (#0398314)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT THE CJS SOLUTIONS GROUP, LLC, D/B/A THE HCI GROUP**