UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy C. Borup,                                    Civ. No. 18-1647 (PAM/DTS)

            Plaintiff,

v.

The CJS Solutions Group, LLC
d/b/a The HCI Group,

            Defendant.
_____    **MEMORANDUM AND ORDER**

Shana Gray,                                          Civ. No. 19-1008 (PAM/DTS)

            Plaintiff,

v.

The CJS Solutions Group, LLC
d/b/a The HCI Group,

            Defendant.

This matter is before the Court on Plaintiff's Motion for Approval of Settlement (Docket No. 74 in 19cv1008), the parties' letter requests regarding settlement and consolidation (Docket Nos. 87, 91 in 19cv1008), and Defendant's Appeal of Magistrate Judge Decision (Docket No. 94 in 18cv1647).

**BACKGROUND**

This Order pertains to two related FLSA class-action cases regarding worker classification. The Gray matter originated in the Southern District of New York in August 2018, and the parties quickly reached a final settlement agreement in February 2019. Shortly thereafter, Plaintiff in the Borup matter moved to intervene and transfer the Gray

case, which was then transferred to the District of Minnesota on April 11, 2019. Shortly before transfer, Gray sought approval of the parties' settlement agreement, but the New York District Court declined to formally evaluate and approve the settlement before transfer. (Docket No. 82-2 at 24-25 in 19cv1008.) The Gray case was reassigned to this Court as related to the Borup case.

Plaintiff's counsel in Gray once again seeks approval of the parties' February 2019 settlement agreement. Borup argues that the settlement in Gray was improperly obtained through a "reverse auction," and seeks limited consolidation of these matters to resolve settlement issues. Additionally, Defendant has appealed Magistrate Judge David Schultz's Order (Docket No. 58) requiring Defendants to produce certain information regarding putative class members from the Gray case.

**DISCUSSION**

**A.      Settlement Approval**

Borup has presented the Court with several facts evidencing that a "reverse auction" may have occurred in the Gray case. A reverse auction occurs when "a defendant, seeing competing class cases, cherrypicks the attorneys willing to accept the lowest class recovery, in exchange for enhanced fees." Martin v. Cargill, Inc., 295 F.R.D. 380, 388 (D. Minn. 2013) (Kyle, J.).

The Gray settlement agreement includes some indicia of a reverse auction: the settlement value for collective action members is low, the attorney's fee total is high, and "the fact that CJS took steps to cabin off these litigations from each other is at least indicative evidence of a reverse auction." (Tr. of S.D.N.Y. Order (Docket No. 82-2 in 19cv1008) at 21.) Accordingly, additional discovery on the reverse auction issue is needed

before the settlement can be approved. Gray may renew her Motion for Approval once the outstanding settlement issues have been resolved.

**B.     Consolidation**

A court may consolidate certain matters, including on a limited basis, as long as the matters involve common questions of law or fact. Fed. R. Civ. P. 42(a)(2); Enter. Bank v. Saettele, 21 F.3d 233, 235-36 (8th Cir. 1994). As Borup points out, the New York District Court has already determined that these matters share common questions of law and fact. (Tr. of S.D.N.Y. Order (Docket No. 82-2 in 19cv1008) at 15.) Given the similarities between the Plaintiffs' FLSA claims, the makeup of the collectives, and the overlapping factual issues in the record, the Court agrees that the cases share common questions of law and fact. Therefore, limited consolidation is appropriate to streamline and expedite the process of resolving the outstanding settlement issues while avoiding unnecessary costs and delay.

**C.     Appeal of Magistrate Judge's Order**

"The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential." Roble v. Celestica Corp., 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007) (Tunheim, J.). A reversal of a magistrate judge's nondispositive order is "warranted only if the ruling is clearly erroneous or contrary to law." Coons v. BNSF Ry. Co., 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (Wright, J.). A magistrate judge's ruling is clearly erroneous when "the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." Wells Fargo & Co. v. United States, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (Schiltz, J.) (quotation omitted).

Defendant objects to Magistrate Judge Schultz's Order (Docket No. 58 in 18cv1647) granting in part and denying in part Borup's Motion to Compel. Specifically, Defendant contends that the information it has been compelled to produce is not relevant, raising concerns over the potential settlement in Gray and overlap between opt-in Plaintiffs in these cases. However, as stated above, there are potential issues with the proposed settlement in Gray and consolidation is proper to address those issues. Defendant's concern regarding the effect of the settlement and overlap between these matters is no longer relevant. To the extent that Defendant is concerned about individuals from the Gray collective mistakenly opting into the Borup collective, those concerns may be addressed on an individual basis. The Court finds that Magistrate Judge Schultz's Order compelling production of certain information was not clearly erroneous or contrary to law.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Approval of Settlement (Docket No. 74 in 19cv1008) in **DENIED without prejudice**;

2. These matters shall be consolidated on a limited basis in order to resolve outstanding issues related to the Gray settlement; and

3. Defendant's Appeal of Magistrate Judge Decision (Docket No. 94 in 18cv1647) is **DENIED**.

Dated: May 16, 2019

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge