# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMOTHY C. BORUP, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br>     vs.<br>THE CJS SOLUTIONS GROUP, LLC, d/b/a THE HCI GROUP,<br>                       Defendant. | Court File No. 0:18-CV-01647-PAM-DTS<br><br>**RULE 68 OFFER OF JUDGMENT** |

Defendant The CJS Solutions Group, LLC, d/b/a The HCI Group ("Defendant" or "CJS") by and through their attorneys, and pursuant to Rule 68 of the Federal Rules of Civil Procedure, hereby offer the following to Plaintiff Timothy C. Borup ("Plaintiff") as a compromise of the above-referenced case as it pertains to Plaintiff's claims against Defendant, with no admission of wrongdoing by the Defendant.

The terms and conditions of this Offer of Judgment are as follows:

1. That Judgment be entered in Plaintiff's favor in the above-captioned case for a total sum of ten thousand and twenty five dollars and zero cents ($10,000.00), as well as any amount for costs of suit, attorneys' fees, and any and all other accrued costs that might be recoverable against Defendant in this action, to be determined by the Court. This Offer includes all valid claims for damages that Plaintiff has alleged against Defendant, as well as compensation for costs and reasonable attorneys' fees accrued up to the date of this Offer (to the extent that (a) reasonable attorneys' fees are included in "costs" recoverable for certain of Plaintiff's causes of action; and (b) Plaintiff has incurred any attorneys' fees).

2. As a condition of this Offer, Plaintiff agrees to voluntarily dismiss with prejudice, Plaintiff's claims against Defendant in this case, for entry of judgment against Defendant in accordance with Rule 68. Additionally, as a condition of this Offer, Plaintiff agrees to execute a mutually agreeable Settlement Agreement and Release for the purpose of releasing any and all

claims against Defendant.

Plaintiff agrees that nothing in this Offer of Judgment or the Settlement Agreement and Release shall prevent Plaintiff from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the EEOC, the National Labor Relations Board, the Securities and Exchange Commission, or any other federal, state or local agency charged with the enforcement of any laws, including providing documents or other information, prevent Plaintiff from exercising his rights under Section 7 of the NLRA to engage in protected, concerted activity with other employees, although by signing the release agreement, Plaintiff will be waiving his right to recover any individual relief (including any backpay, frontpay, reinstatement or other legal or equitable relief) in any charge, complaint, or lawsuit or other proceeding brought by Plaintiff or on his behalf by any third party, except for any right Plaintiff may have to receive a payment from a government agency (and not the Defendant) for information provided to the government agency.

3. The purpose of this Offer of Judgment is to encourage settlement and avoid litigation. This Offer of Judgment is not an admission of wrongdoing. Although Defendant contends that the claims in this action are without merit, Defendant proposes to allow judgment to be entered against it in the action pursuant to Rule 68 of the Federal Rules of Civil Procedure as described herein, solely for the purpose of resolving Plaintiff's claims without the costs and burdens associated with further litigation. Accordingly, this Offer of Judgment is not to be construed as an admission that Defendant is liable in this action or that Plaintiff, or any others, suffered any damages as a result of the actions of Defendant. A judgment entered upon acceptance of this Offer of Judgment shall not be deemed to have determined or adjudicated any issue relevant to the merits of Plaintiff's claims, or the claims of others, and shall instead have

the effect of aiding the settlement of this case.

   4.  This Offer of Judgment may be accepted, in writing, within fourteen (14) days of service. No verbal communications shall constitute an acceptance, rejection or counter-offer to this Offer of Judgment. If, within fourteen (14) days after being served, Plaintiff serves the enclosed written notice on Defendant accepting the offer, any party may then file the offer and notice of acceptance, plus proof of service, so that the clerk may then enter judgment. If Plaintiff does not accept the offer within fourteen (14) days, the offer shall be considered rejected and withdrawn.

   5.  Acceptance of the Offer of Judgment by Plaintiff shall be deemed to resolve all claims asserted by Plaintiff in this action, all claims expressly or impliedly stated by Plaintiff in this action, all claims by Plaintiff that are based on the same facts at issue in this action, and all claims that Plaintiff could have asserted against Defendant in this action.

   6.  By accepting this Offer of Judgment, Plaintiff foregoes any right to relief in this action except to the extent specifically referenced in Paragraph 1 of this Offer of Judgment, including but not limited to: (a) declaratory and/or injunctive relief; (b) any additional amounts for unpaid wages, overtime compensation, breach of contract, liquidated damages, non-economic damages, and/or punitive damages; (c) pre-judgment interest and/or post-judgment interest; (d) any additional amounts for costs, expenses, attorney fees, and/or expert fees; and/or (e) any other relief not specifically provided by Paragraph 1 of this Offer of Judgment.

Date: June 12, 2019

*/s/ Claire B. Deason*
Jacqueline E. Kalk (#0388459)
Claire B. Deason (#0390570)
Corey Christiansen (#0398314)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT THE CJS SOLUTIONS GROUP, LLC, D/B/A THE HCI GROUP**