UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy C. Borup,                        Civ. No. 18-1647 (PAM/DTS)

             Plaintiff,

v.                                  **MEMORANDUM AND ORDER**

The CJS Solutions Group, LLC
d/b/a The HCI Group,

             Defendant.

---

This matter is before the Court on Defendant's Motion for Partial Summary Judgment. For the following reasons, the Motion is denied without prejudice.

**BACKGROUND**

In May 2017, Plaintiff Timothy Borup worked for Defendant The CJS Solutions Group d/b/a The HCI Group ("HCI"). Borup was assigned to the Mayo Clinic in Rochester, Minnesota. His job was to assist physicians, nurses, and other healthcare providers with the transition to a new patient-management system called Epic. At the time, Borup had just finished medical school and was living in Columbus, Ohio. He flew to Rochester on May 4, 2017, and flew from Rochester to Grand Rapids, Michigan (where he had recently purchased property) on May 26, 2017. Between May 4 and May 26, he stayed at a hotel near the clinic and worked from 7 am to 7 pm Monday through Friday.

This litigation seeks to resolve the issue of whether Borup and other temporary workers HCI employed at the Mayo Clinic in May 2017 were "employees" within the meaning of the Fair Labor Standards Act ("FLSA"). For purposes of this Motion, however, HCI asks the Court to assume that the workers were employees under the FLSA. Thus, the

only issue to be resolved here is whether the time Borup spent traveling to and from Rochester is compensable time under the FLSA. If, however, the Court or the jury ultimately determines that Borup was not an employee, then the issue of his travel time is moot.

**DISCUSSION**

Federal jurisdiction is limited by Article III of the Constitution, which restricts the Court's power to "Cases" and "Controversies." U.S. Const. Art. III § 2. Implicit in this limitation is the idea that a federal court should not rule on hypothetical questions. Indeed, "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." Flast v. Cohen, 392 U.S. 83, 96 (1968) (quotation omitted).

The question presented here, albeit an important one to the parties and one that might hasten the informal resolution of the litigation, is not an issue that is yet ripe for decision. In the context of a motion for partial summary judgment, the parties request a ruling as to whether Borup and the other individuals who have opted into this litigation are due compensation for travel time, assuming they are employees. But the issue of whether they are actually employees, which is a dispositive threshold issue, has not yet been presented to the Court. HCI asks the Court for a judgment "setting forth what the parties' rights would be if" Borup is an employee. Nat'l Mfg. Co. v. Citizens Ins. Co. of Am., No. 13CV314, 2015 WL 1735423, at *3 (D.N.J. Apr. 15, 2015) (emphasis omitted). This "places the Court in the untenable position of being asked to render an advisory opinion on a hypothetical determination of critical facts." Boden v. St. Elizabeth Med. Ctr., Inc., No. 16CV49, 2018 WL 4855210, at *4 (E.D. Ky. Oct. 5, 2018).

"Rule 56 [is not] a vehicle for obtaining rulings on issues that may never have to be addressed." Marshall Contractors, Inc. v. Peerless Ins. Co., 827 F. Supp. 91, 93 (D.R.I. 1993). The Court thus declines the parties' invitation to issue an advisory opinion on the issue presented here.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Partial Summary Judgment (Docket No. 108) is **DENIED without prejudice**.

Dated: October 1, 2019

*s/ Paul A. Magnuson*
PAUL A. MAGNUSON
United States District Court Judge