UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy C. Borup,<br>*Individually and on behalf of all others similarly situated*, | Case No. 18-cv-1647 (PAM/DTS) |
| Plaintiff, | **ORDER** |
| v. | |
| The CJS Solutions Group, LLC,<br>*d/b/a The HCI Group*, | |
| Defendant. | |

## INTRODUCTION

Defendant The CJS Solutions Group, LLC (HCI) moves to amend its answer to more clearly plead an affirmative defense. In its original answer HCI asserted that "certification of a collective action or class action . . . would constitute a denial of Defendant's Due Process rights, both substantive and procedural," but did not specifically aver that this Court lacked personal jurisdiction over it with respect to certain defendants. Answer ¶ 10, September 4, 2018, Dkt. No. 14. HCI now claims that it intended to plead the affirmative defense that the Court lacks personal jurisdiction, and now seeks to amend its answer to plead that:

> The Court lacks personal jurisdiction over Defendant as to the claims of any individual who neither worked for Defendant in Minnesota nor resided in Minnesota at the time they worked for Defendant, and the exercise of such personal jurisdiction over Defendant as to such claims would deprive Defendant of its right to due process.

Def.'s Mot. Am. Answer 1, February, 18, 2020, Dkt. No. 152. Because this Court finds that HCI sufficiently raised personal jurisdiction as an affirmative defense in its original answer,

1

it may now amend its answer to provide the articulation expected in well-drafted pleadings.

## FACTS

In this wage and hour suit, Borup—individually, as a collective action, and on behalf of a purported class—has sued HCI alleging that HCI failed to properly pay overtime compensation. HCI is a Florida-based technology company that provides nationwide support and training services to the healthcare industry in using new electronic recordkeeping systems. Compl. ¶¶ 4, 11, June 13, 2018, Dkt. No. 1. The Mayo Clinic in Rochester, Minnesota is one of HCI's clients, for which HCI hired[1] Borup as a consultant and where it assigned him to work. *Id.* ¶¶ 3, 11.

Borup's suit identifies two distinct groups of aggrieved litigants. First, he brings his federal FLSA claim (Count I) as a collective action representing:

> All individuals who were classified as independent contractors while performing consulting work for The CJS Solutions Group, LLC d/b/a The HCI Group ("Defendant" or "HCI") **in the United States**, for the maximum time period as may be allowed by law.

*Id.* ¶ 7 (emphasis added). Borup, however, defines the second group more narrowly by bringing the Minnesota FLSA claim (Count II) as a Rule 23 class action on behalf of:

> All individuals who were classified as independent contractors while performing consulting work for The CJS Solutions Group, LLC d/b/a The HCI Group ("Defendant" or "HCI") **in the State of Minnesota**, for the maximum time period as may be allowed by law.

*Id.* ¶ 9 (emphasis added). Thus, while his state-based FLSA class action encompasses only litigants who worked in Minnesota, his federal FLSA collective action is nationwide.

---

[1] The parties dispute the nature of the relationship between HCI and Borup. Borup claims that he is properly classified as an employee based on the nature of his duties and method of computing his compensation. Compl. ¶ 15. HCI claims Borup was an independent contractor. Answer ¶ 6.

HCI answered the complaint, defending—in its distinct "**AFFIRMATIVE AND ADDITIONAL DEFENSES**" section—that "as applied to the facts and circumstances of this case, [Borup's suit] would constitute a denial of [HCI]'s Due Process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution." Answer ¶ 10 (emphasis in original). And though personal jurisdiction is inextricably linked to due process protections, HCI never explicitly mentioned personal jurisdiction in its pleadings.

## ANALYSIS

**I. HCI's Answer Sufficiently Raised Personal Jurisdiction as an Affirmative Defense**

### A. Asserting a Rule 12(b)(2) Defense

The Federal Rules of Civil Procedure establishes pleading standards and restricts the time and method of presenting certain affirmative defenses. Litigants asserting a defense under Rule 12(b)(2)–(5), including that a court lacks personal jurisdiction, must raise the defense by motion before answering the complaint, or in the answer itself. Fed. R. Civ. P. 12(h)(1)(B); *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (holding parties must assert affirmative defenses in their response to a preceding pleading); *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) (same). Even if a litigant fails to properly assert a lack of personal jurisdiction defense by motion or in its answer, it may—without penalty—raise that defense in an amended pleading within twenty-one days after serving its original answer. Fed. R. Civ. P. 12(h)(1)(B)(ii); 15(a)(1). Put simply, a party has three opportunities to properly assert a defense that the court lacks personal jurisdiction: (1) in a pre-answer motion, (2) in the answer, or (3) in an amended answer within twenty-one days of service. Thereafter, a party's failure to raise a personal jurisdiction issue

3

waives that defense, even if the court lacks personal jurisdiction. In such circumstances, the party is deemed to have consented to the court's jurisdiction. Fed. R. Civ. P. 12(h)(1); *Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 354 (8th Cir. 1988) ("[F]ailure to plead . . . an affirmative defense results in a waiver of that defense and its exclusion from the case."); *Ribeiro v. Baby Trend, Inc.*, 12-cv-204, 2016 WL 3093439. at *4 (D. Neb. June 1, 2016) ("If a party fails to raise a challenge to personal jurisdiction in a preliminary Rule 12 motion or its first responsive pleading, *such challenge is forever waived.*" (emphasis added)) (collecting cases).

When a party fails to assert a personal jurisdiction defense, Rule 12(h)'s waiver requirement is mandatory, not discretionary. *See Pusey v. Dallas Corp.*, 938 F.2d 498, 501 n.4 (4th Cir. 1991) (trial court prohibited from dismissing on basis of waived defense); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1316–17 (11th Cir. 1990) (same). And while failing to assert a defense clearly may lead to waiver, so too does raising an issue incompletely, *see Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011) (objection to manner of service under Rule 12(b)(5) waived when party previously only objected to service timeliness); *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 265 F. Supp. 3d 1196, 1202 (D. Or. 2017), or obscurely or indirectly, *see Alger v. Hayes*, 452 F.2d 841, 843 (8th Cir. 1972) (holding California defendant "did not assert any objection to jurisdiction over his person" when his affirmative defense in his answer merely stated that the court "lacks jurisdiction"); *see also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360–61 (11th Cir. 2008) (personal jurisdiction challenge does not imply a companion, but unasserted, service challenge), raising the issue.

4

A party adequately pleads an affirmative defense—thus avoiding waiver for incompleteness, obscurity, or indirectness—when the party is concise and direct so as to meet the pleading standards of Rule 8. Fed. R. Civ. P. 8(c)(1) & (d)(1); *see, e.g.*, *Network Prof'l, Inc. v. Network Intern. Ltd.*, 146 F.R.D. 179, 182 (D. Minn. 1993) ("[T]he Eighth Circuit has held that a personal jurisdiction defense must be raised in a clear and unambiguous way."). Rule 8's clarity requirements provide the opposing party the opportunity to respond to the pleading and avoid surprise or undue prejudice. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971); *see Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (defendants should not be allowed to "lie behind a log" and "ambush" plaintiffs). And while courts differ in their views as to what constitutes an adequate pleading and as to whether *Twombly*'s "plausibility" standard applies, the Eighth Circuit has held that—at least for unenumerated affirmative defenses of Rule 8(c)—courts maintain discretion to permit an originally-unpleaded affirmative defense. *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014) (failure to plead not fatal where party asserts defense in a way "that does not result in unfair surprise"). Thus, when a party unexplainably delays in asserting an affirmative defense, a court is more likely to find the party waived that defense. *See, e.g.*, *Warner Bros. Entm't v. X One X Prods.*, 840 F.3d 971, 980 (8th Cir. 2016) (finding waiver after party waited to raise affirmative defense until after appeal was taken).

### B. *Vallone v. The CJS Solutions Group*

In a connected case in this district, *Vallone v. CJS Solutions Group*, the court permitted the amendment HCI seeks here. *Vallone v. CJS Solutions Group*, No. 19-cv-1532 (PAM/DTS) (D. Minn. filed June 10, 2019). There, as here, the plaintiff worked for HCI at

5

the Mayo Clinic, providing assistance and training to medical staff on Mayo's new computerized patient-management system. *Vallone v. CJS Solutions Group*, 437 F. Supp. 3d 687, 688 (D. Minn. 2020). *Vallone* alleges the identical claim that HCI violated the FLSA by failing to pay adequate compensation. *Id.*

In its *Vallone* answer HCI pleaded the same generalized due process defense that it has pleaded here. *Compare* Answer ¶ 10 *with* Answer ¶ 10, *Vallone v. CJS Solutions Group*, No. 19-cv-1532 (PAM/DTS) (D. Minn. filed June 10, 2019), Dkt. No. 13. HCI then moved to dismiss certain claims, arguing that the court lacked specific personal jurisdiction over it with respect to the claims of persons who neither lived nor worked in Minnesota. *Vallone*, 437 F. Supp. 3d at 690. In response, Vallone asserted *inter alia* that HCI waived its personal jurisdiction defense by failing to adequately plead it in the answer. *Id.*

The court permitted HCI to assert its personal jurisdiction defense, noting that it would have "prefer[red] that parties more explicitly raise jurisdiction as a defense in their pleadings," it was "reluctant to deprive a party of its constitutional rights on the basis of inartful pleadings." *Id.*

*Vallone* and *Borup* present the same claims against the same defendant based on almost virtually identical facts. In such circumstances then a court must be sensitive to the "principles of justice that ultimately define a system of law: the principles of uniform application of rules, of consistency, of evenhandedness, [and] of fairness." *Straight v. Wainwright*, 476 U.S. 1132, 1135 (1986) (Brennan, J., dissenting). Permitting HCI to amend its answer in *Vallone* but prohibiting the same in *Borup* would frustrate those prin-

6

ciples. Thus, this Court will apply the law in this case as it did in *Vallone*. HCI has adequately pleaded—however inartfully—a defense of personal jurisdiction in its original answer.

## II. Motion to Amend

Having determined that HCI has not waived its personal jurisdiction defense, this Court must now determine whether to grant HCI's motion to amend its answer to more clearly plead it. Though "[t]here is no absolute right to amend" (outside the limited circumstances established in Federal Rule of Civil Procedure 15(a)(1)), *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999), "courts should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2); *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Rule 15 establishes a liberal standard for granting leave to amend. So long as "there are not compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment," courts should grant such leave. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal marks omitted).

Borup argues that the Court should deny HCI's motion to amend because allowing the amendment will prejudice the putative collective. Mem. Opp'n at 26, Feb. 25, 2020, Dkt. No. 160. But Borup's reasoning is not that this Court's order granting leave would create prejudice, but that applying the *Bristol-Myers Squibb Co. v. Superior Court* standard, which underlies HCI's personal jurisdiction defense for nationwide class actions, to collective actions would be prejudicial. *Id.* at 27. But whether the personal jurisdiction limitations of *Bristol-Myers Squibb* extend to nationwide collective actions is not before

this Court and is a question for a later day. Accordingly, HCI may amend its answer to clearly plead its personal jurisdiction defense.

## ORDER

For these reasons, Defendant's motion to amend its complaint (Dkt. No. 152) to clarify its personal jurisdiction defense is **GRANTED**.


Dated: August 26, 2020              s/ David T. Schultz_____
                                    DAVID T. SCHULTZ
                                    United States Magistrate Judge